# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ROGER A. WALDRON, JR., #14476-171**                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:09-cv-4-DCB-MTP**

**BRUCE PEARSON, Warden**                                        **RESPONDENT**

<u>MEMORANDUM OPINION AND ORDER</u>

On January 14, 2009, federal inmate Waldron filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. On September 2, 2009, an order [9] was entered directing petitioner to file a written response, within twenty days. The petitioner was warned in this order that his failure to keep this court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his case. Petitioner failed to respond to this order.

On October 16, 2009, an order [10] was entered directing the petitioner to show cause, on or before October 29, 2009, why this case should not be dismissed for his failure to comply with the court's September 2, 2009, order. In addition, the petitioner was directed to comply with the order of September 2, 2009, by filing his written response on or before October 29, 2009. The petitioner was warned in the show cause order that his failure to keep this court informed of his current address or his timely comply with the requirements of the order would result in the dismissal of his case without further notice. On October 29, 2009, the postal service returned the envelope [11] containing the October 16, 2009 order with the notation "return to sender, unable to forward."

The petitioner has failed to keep this court informed of his current address and he has failed to comply with two court orders. It is apparent from the petitioner's failure to communicate with

this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629-30.

Petitioner has not complied with two court orders and has not communicated with this court since March 26, 2009. The court concludes that dismissal of this action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper. Since the court has not considered the merits of petitioner's claims, the court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the \_\_\_19th\_\_\_ day of November, 2009.

    \_s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE